UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| APRIL HARVEY,<br><br>    Plaintiff,<br><br>v.<br><br>ENTREPRENEURIAL VENTURES IN EDUCATION, INC., and STEPHANIE UPSHAW,<br><br>    Defendants. | Case No.<br>Hon.<br><br><br><br>Removed from:<br>Wayne County Circuit Court<br>Case No. 25-016657-CL<br>Hon. Leslie Kim Smith |
| Frank W. Jackson (P23164)<br>Attorney for Plaintiff<br>19401 W. McNichols Rd, Ste. E<br>Detroit, MI 48219<br>(313) 766-2019<br>fjackson@westley3lawoffice.com | STARR BUTLER, PLLC<br>Ryan J. Koss (P79893)<br>Ahmad S. Mazloum (P85422)<br>Attorneys for Defendant<br>20700 Civic Center Dr., Ste. 290<br>Southfield, MI 48076<br>(248) 554-2700<br>rkoss@starrbutler.com<br>amazloum@starrbutler.com |

**DEFENDANTS ENTREPRENEURIAL VENTURES IN EDUCATION, INC., AND STEPHANIE UPSHAW'S NOTICE OF REMOVAL**

Defendants Entrepreneurial Ventures in Education, Inc. (d/b/a Phelan Leadership Academies) ("EVE") and Stephanie Upshaw (collectively, "Defendants"), by and through their attorneys, Starr Butler, PLLC, hereby file this Notice of Removal of the above-captioned case from the Wayne County Circuit Court for the State of Michigan to the United States District Court for the Eastern District of Michigan, on the basis of federal diversity jurisdiction and in support thereof, state as follows:

{00144340.DOCX}

1. On or about October 20, 2025, Plaintiff April Harvey ("Plaintiff") commenced her lawsuit against Defendants in the Wayne County Circuit Court for the State of Michigan, Case No 25-016657-CL (**Exhibit A; Complaint**).

2. Defendants first received notice of this action on or about November 11, 2025, when a process server left notices for both Defendants under Defendant Upshaw's doormat. This Notice of Removal is being filed within thirty (30) days of the earliest date that Defendants first received notice of this action. 28 U.S.C. §1446(b).

3. Plaintiff's Complaint alleges race discrimination in violation of the Michigan Elliot-Larsen Civil Rights Act ("ELCRA"), MCL §37.2101, *et seq*. against Defendant EVE. She further alleges tortious interference with a contracting party against Defendant Upshaw, only. (**Exhibit A**).

4. Plaintiff is a citizen of the State of Michigan who resides in Wayne County, Michigan.

5. Defendant EVE is a corporation duly organized and existing under the laws of the State of Massachusetts. (**Exhibit B; Corporate Summary**). Defendant Upshaw is a resident of the State of Michigan.

6. The amount in controversy is in excess of $75,000.00, exclusive of interest and costs. The amount in controversy between the parties is stated by Plaintiff in the Complaint filed in Wayne County Circuit Court, State of Michigan. Plaintiff alleges that she is seeking $25,000.00 in damages and reasonable attorney

{00144340.DOCX}

fees and costs." (**Ex. A**). Such a pleading is required by the Michigan Rules of Civil Procedure, MCR 2.111(B)(2). However, an award of the damages claimed, and reasonable attorney fees and witness fees, if obtained, would therefore likely exceed $75,000.00. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014).

7. Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. As it relates to this matter, the Court may disregard a non-diverse defendant if the plaintiff joined that party "merely [as] a fraudulent device to prevent removal." *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 153 (1914); *see also Plymouth Gold Mining Co. v. Amador & Sacramento Canal Co.*, 118 U.S. 264 (1886).

8. "To maintain a cause of action for tortious interference with a contract, a plaintiff must establish a breach of contract caused by the defendant and that the defendant was a third party to the contract or business relationship." *Dzierwa v. Michigan Oil Co.*, 152 Mich. App. 281, 287, 393 N.W.2d 610, 613 (1986) (internal citations and quotations omitted).

9. Plaintiff alleges she entered a contractual relationship with EVE to work as an academic leader. (**Ex. A at ¶19**). Plaintiff asserts she was directly supervised by Defendant Upshaw during her employment with EVE. (*Id.* at ¶¶15, 20). Plaintiff claims Upshaw recommended termination to Defendant EVE, which

{00144340.DOCX}

"ultimately led to the termination of her employment." (*Id.* at ¶¶**28-29**).

10.     Based on these allegations, Defendant Upshaw acted as an agent of EVE, and could not have interfered with her own contract. *Dzierwa*, 152 Mich. App. at 287.

11.     Further, even if Plaintiff could state a claim against Upshaw, where the alleged tortfeasor is a corporate agent acting within the scope of their authority, the plaintiff must show that the interferer acted outside that authority and solely for personal benefit. *Coleman-Nichols v. Tixon Corp,* 203 Mich. App. 645, 657; 513 N.W.2d 441 (1994). Thus, a corporate officer is liable for tortious interference only when acting "for their own benefit and with no benefit to the corporation." *Stack v. Marcum*, 147 Mich. App. 756, 759-60; 382 N.W.2d 743 (1985). The plaintiff must provide specific proof of affirmative acts that the defendant has taken to interfere. *Coleman*, 203 Mich. App. at 657.

12.     Here, Plaintiff does not allege Defendant Upshaw acted for her own personal benefit. (**Ex. A**).  Rather, every allegation shows Defendant Upshaw acted solely in her supervisory capacity as Defendant EVE's agent. (*Id.* at ¶¶**15, 20**). Plaintiff asserts Defendant Upshaw developed animosity toward Plaintiff after Upshaw gave Plaintiff "a negative interim performance evaluation" as her "direct supervisor," which later resulted in the termination of her employment. (*Id.* ¶¶**20-21, 28**). Since Plaintiff failed to plead facts establishing Defendant Upshaw acted outside her agency or scope of her authority, the tortious interference claim lacks a

{00144340.DOCX}

reasonable basis and fails to comply with the applicable pleading standard. Defendant Upshaw was improperly joined to destroy diversity between Plaintiff and EVE. Given Plaintiff's improper joinder of Defendant Upshaw, removal is appropriate.

13. Copies of all process and pleadings served upon Defendants are attached to this Notice of Removal in accordance with 28 U.S.C. §1446(a). (**Ex. A**).

14. Concurrent with the filing of this Notice of Removal, Defendants are providing notice to all counsel and the Clerk of the Circuit Court for the County of Wayne, pursuant to 28 U.S.C. §1446(d).

WHEREFORE, Defendants Entrepreneurial Ventures in Education, Inc. (d/b/a Phelan Leadership Academies) ("EVE") and Stephanie Upshaw (collectively, "Defendants") give notice that the above-described action pending in the Circuit Court for the County of Macomb, State of Michigan is being removed therefrom to this Honorable Court.

        Respectfully submitted,

        STARR BUTLER, PLLC

        By:   /s/ Ahmad S. Mazloum
               Ryan J. Koss (P79893)
               Ahmad S. Mazloum (P85422)
               Attorneys for Defendant
               20700 Civic Center Dr., Ste. 290
               Southfield, MI 48076
               (248) 554-2700
               rkoss@starrbutler.com
Dated: December 2, 2025      amazloum@starrbutler.com

{00144340.DOCX}

**PROOF OF SERVICE**

The undersigned says that on December 2, 2025, she has caused to be served a copy of **Defendants' Notice of Removal and this Proof of Service** via first class mail upon all attorneys of record.

/s/ Kiersten Plane
Kiersten Plane

{00144340.DOCX}

# EXHIBIT A

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 25-016657-CL Hon. Leslie Kim Smith |
|---|---|---|

Court telephone no.: 313-224-2427

| Plaintiff's name(s), address(es), and telephone no(s) Harvey, April | v | Defendant's name(s), address(es), and telephone no(s). Upshaw, Stephanie |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no Frank W. Jackson 23164 19401 W McNichols Rd Ste E Detroit, MI 48219-4030 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____. The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 10/22/2025 | Expiration date* 1/21/2026 | Court clerk Jacqueline Ruff |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

April Harvey

    Plaintiff                                             -CL

v.

Entrepreneurial Ventures in Education, INC.
    and Stephanie Upshaw,
    Defendants

**There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.**

**COMPLAINT**

**JURY DEMAND**

Now comes April Harvey by and through her attorney, Frank W. Jackson and complains of Entrepreneurial Ventures in Education, Inc, d/b/a Phelan Leadership Academies (hereafter EVE) and Stephanie Upshaw for the following reasons:

COMMON ALLEGATIONS

1. April Harvey is a black woman, with a master's degree in education, with extensive experience in education and academic leadership.

1

2. EVE does business in Redford Township, Michigan and Harper Woods, Michigan by operating charter schools.

3. On March 5, 2025, she was hired by EVE into a leadership position and assigned to work in Redford Township, Michigan and Harper Woods, Michigan.

4. On August 4, 2025, Plaintiff Harvey's employment was terminated by Defendant EVE in part because of her race and in retaliation for resisting unequal treatment because of her race and in part because of the actions and statements by Defendant Stephanie Upshaw.

5. Prior to her employment being terminated, Ms. Harvey was reprimanded alleged improper behavior whereas a white person received no discipline after egregious behavior.

6. Prior to the termination of her employment with EVE, Ms. Harvey was required to work longer hours than white people, who were in the same or similar classification without explanation or justification.

7. When Ms. Harvey was initially hired, she was placed in an air-conditioned office, as like a similarly situated white administrators. Defendants later moved her into a cubby hole office, without air-conditioning and that served as pass- through hallway for individuals moving equipment and supplies from one part of the building to another, without explanation.

8. Defendants assigned Ms. Harvey tasks that required access to professional development sessions and educational platforms but then denied her access, making it impossible for her to complete assignments.

2

9. Defendant EVE, though its senior leadership, sent Ms. Harvey an email that requested her attendance at an evaluation meeting. Said email included confidential personal information about other employees. Defendant EVE later knowingly falsely accused and verbally disciplined Plaintiff for improperly obtaining confidential personal information. Upon learning that an employee, who was not black, had improperly provided the information to the Plaintiff, Defendant EVE did not discipline said employee; nor did EVE retract the discipline issued to the Plaintiff.

10. Defendant has a policy of not allowing employees to bring their minor children to the worksite, when said employees have childcare issues. Plaintiff was not allowed to bring her child to work, when the Plaintiff lacked childcare coverage. White employees, such as Erika Dietz and John Dygert, were allowed to bring their minor children to the worksite when they lacked childcare coverage.

11. At the meeting in which Ms. Harvey was informed that EVE had decided to fire her, she was informed that in accordance with the Defendant's employment policy, she would be paid for her last day of work and would be paid for her accumulated "Personal Time Off" (PTO) within four days of discharge. The Defendant intentionally did not pay her for her last day of employment. The Defendant did not pay her for her accumulated PTO. On information and belief, Plaintiff asserts that terminated white employees are paid for their last day of employment and for their accumulated PTO time.

12. According to the Defendant's policies and the statements made, by EVE's representative at the termination meeting, Ms. Harvey's health insurance, which covered herself and her daughter, was to have continued to August 31, 2025. The Defendant intentionally refused to pay for visits to the doctor and for prescription medication that occurred before August 31, 2025. On information and belief, Defendants followed their normal polices with terminated white employees and provided health care coverage to the end of the calendar month in which the discharge took place.

## Count I

### Violation of Elliot-Larsen Civil Rights Act.

13. Plaintiff April Harvey restates each of her assertions in paragraphs one through twelve as if fully stated herein.

14. Defendant EVE is an employer doing business in the State of Michigan.

15. Plaintiff April Harvey is a person, as defined by the Michigan Civil Rights Act, also known as the Elliot-Larsen Civil Rights Act and was an employee of EVE and under the direct supervision of Stephanie Upshaw.

16. Defendant EVE, through its leadership intentionally discriminably against the Plaintiff based on her race and retaliated against her when she complained of disparate treatment.

17. MCL 37.2801 provides that a person alleging a violation of the Michigan Civil Rights Act may bring a civil action for appropriate injunctive relief or damages, or both.

4

WHEREFORE, Plaintiff prays that this Honorable Court award the Plaintiff $25,000.00 in damages and reasonable attorney fees and costs

## Count II
### TORTIOUS INTERFERENCE WITH A CONTRACTING PARTY

18. Plaintiff April Harvey restates each of her assertions in paragraphs one through seventeen as if fully stated herein.
19. Plaintiff April Harvey entered into a contractual relationship with EVE to work as an academic leader at PLA, owned and operated by EVE in Reford, Michigan and in Harper Woods, Michigan.
20. Plaintiff April Harvey was directly supervised by Defendant Stephanie Upshaw.
21. Defendant Stepanie Upshaw developed a personal animosity towards Plaintiff April Harvey, immediately after the Plaintiff pointed out that Defendant violated policies of Defendant EVE by giving her a negative interim performance evaluation, when according to its normal human resource policies, a performance evaluation was yet due. From that point forward, Defendant Upshaw decided that she would cause the Plaintiff to lose her employment with EVE for reasons that had nothing to do with the Plaintiff's suitability for the position at EVE.
22. Defendant Stephanie Upshaw caused Plaintiff to move from an air-conditioned office to a cubby hole office that served as a pass through for

supplies and people to move from one side of the building to another side of the building as a way of expressing her personal animosity towards Ms. Harvey.

23. Defendant Stephanie Upshaw assigned multiple large projects to Plaintiff Harvey without providing her resources or access to educational platforms in an effort to paint the Plaintiff as a poor employee.

24. Defendant Upshaw credited project work that Plaintiff had successfully completed to other employees.

25. Defendant Upshaw initiated a meeting with senior leadership in which Plaintiff Harvey was accused of improperly accessing a document that contained personal confidential information relating to fellow employees.

26. Defendant Upshaw directed Plaintiff's peers and colleagues to not meet with Plaintiff Harvey, after directing Plaintiff Harvey to improve her relationships by meeting more often with these very same people.

27. Defendant Upshaw publicly criticized Plaintiff Harvey for winning a workplace wellness competition, for not allowing someone else to win, thereby demonstrating "servant leadership," as part of a pattern of giving conflicting directions to Plaintiff Upshaw in her effort to justify Defendant EVE terminating the employment relationship between EVE and Plaintiff Harvey.

28. Defendant Upshaw, based solely upon her personal animosity toward the Plaintiff, recommended that the Plaintiff be dismissed as an EVE employee.

29. Defendant Upshaw deliberately did not adhere to Defendant EVE's meeting norms and protocols concerning the Plaintiff by scheduling and then failing to

have regular one-on-one meetings with the Plaintiff or engaging in non-emergency conversations with other people, such as her husband, during time previously scheduled for developmental meetings with the Plaintiff.

30. Defendant Upshaw's behavior demonstrated a conscious intent to destroy the business relationship between the Plaintiff and Defendant EVE.

WHEREFORE, Plaintiff prays that this Honorable Court awards the Plaintiff $25,000.00 in damages and reasonable attorney fees and costs.

Respectfully submitted,

**Frank W. Jackson (P23164)**
Frank W. Jackson
Attorney for the Plaintiff
19401 W. McNichols Rd., Ste E
Detroit MI 48219
313-766-7019
fjackson@westley3lawoffice.com
October 20, 2025

# EXHIBIT B

| | Business | Trademark | | | Login |
|---|---|---|---|---|---|

Home

Search

Forms

# Business Search

**ENTREPRENEURIAL VENTURES IN EDUCATION, INC.**

As of 12/1/2025 we have processed all business filings received in our office through 11/23/2025 .

| | |
|---|---|
| Entity Name | ENTREPRENEURIAL VENTURES IN EDUCATION, INC. |
| Identification # | 801071170 |
| Jurisdiction | Massachusetts |
| Entity Type | Foreign Nonprofit Corporation |
| Entity Status | Active |
| AR Standing | Good |
| AR Due Date | 10/01/2026 |
| Initial Filing Date | 12/07/2011 |
| Last Report with Officers and Directors | 2025 |
| Resident Agent Name | MICHAEL ANDERSON COMPANY INC |
| Registered Office Street Address | 229 BROOKWOOD DR #14, S LYON, MI 48178 |
| Registered Office Mailing Address | 535 GRISWOLD, STE. 111-564, DETROIT, MI 48226 |
| President Name & Address | EARL MARTIN PHALEN  1001 MARINA DR. #410, QUINCY, MA 02171 |
| Secretary Name & Address | EARL MARTIN PHALEN  1001 MARINA DR. #410, QUINCY, MA 02171 |
| Treasurer Name & Address | EARL MARTIN PHALEN  1001 MARINA DR. #410, QUINCY, MA 02171 |
| Directors Names & Addresses | EARL MARTIN PHALEN  1001 MARINA DR. #410, QUINCY, MA 02171 |
| | TERRA SMITH   1001 MARINA DR. #410 QUINCY, MA 02171, QUINCY, MA 02171 |
| | STEVE TUCKER   1001 MARINA DR #410, QUINCY, MA 02171 |

**To file a document or annual report/statement for an existing entity, search for the entity, select Request Access from the slide-out drawer, complete the questions, refresh the webpage, and select File Subsequent Document or File Annual Report/Statement.**

**The same process applies to order certificates and copies.**

You must be logged in to file documents or order certificates and copies. Click on the Login button in the top right. If you do not have an account, create one. The credentials from the previous system did not transfer to this system.

Business Search Info:

ENTREPRENEURIAL VENTURES IN EDUCAT *

Advanced

Results: 1

| Name | Filing Date | Status | AR Standing | Entity Type | Entity ID# | Agent |
|---|---|---|---|---|---|---|
| ENTREPRENEURIAL VENTURES IN EDUCATION, INC.  | 12/07/2011 | Active | Good | Foreign Nonprofit Corporation | 801071170 | MICHAEL ANDERSON COMPANY INC |

View History & Filings

Assumed Names

# Secretary of the Commonwealth of Massachusetts
William Francis Galvin

## Business Entity Summary

ID Number: 001002527   **Request certificate**   **New search**

Summary for: ENTREPRENEURIAL VENTURES IN EDUCATION, INC.

| | |
|---|---|
| **The exact name of the Nonprofit Corporation:** | ENTREPRENEURIAL VENTURES IN EDUCATION, INC. |
| **Entity type:** | Nonprofit Corporation |
| **Identification Number:** 001002527 | |
| **Date of Organization in Massachusetts:** 05-13-2009 | **Date of Revival:** |
| **Date of Involuntary Dissolution by Court Order or by the SOC:** 06-30-2025 | **Last date certain:** |
| **Current Fiscal Month/Day:** / | **Previous Fiscal Month/Day:** 12/31 |

**The location of the Principal Office in Massachusetts:**

Address:   1001 MARINA DRIVE #410

City or town, State, Zip code, Country:   QUINCY,   MA   02171   USA

**The name and address of the Resident Agent:**

Name:   EARL PHALEN

Address:   1001 MARINA DR. #410

City or town, State, Zip code, Country:   QUINCY,   MA   02171   USA

**The Officers and Directors of the Corporation:**

| Title | Individual Name | Address | Term expires |
|---|---|---|---|
| PRESIDENT | EARL PHALEN | 1001 MARINA DR. #410 QUINCY, MA 02171 USA | Perpetual |
| PRESIDENT | EARL PHALEN | 1001 MARINA DR. #410 QUINCY, MA 02171 USA | |
| PRESIDENT | EARL PHALEN | 1001 MARINA DR. #410 QUINCY, MA 02171 USA | Perpetual |
| TREASURER | TERRA SMITH | 1001 MARINA DR #410 QUINCY, MA 02171 USA | Perpetual |
| CLERK | STEVEN TUCKER SMITH | 1001 MARINA DR #410 QUINCY, MA 02171 USA | Perpetual |
| ASSISTANT CLERK | MICHELLE REEVES | 5175 PIN OAK DRIVE INDIANAPOLIS, IN 46254 USA | 3 years |
| ASSISTANT CLERK | MICHELLE REEVES | 5175 PIN OAK DRIVE INDIANAPOLIS, IN 46254 USA | 3 years |
| DIRECTOR | EARL PHALEN | 1001 MARINA DR. #410 QUINCY, MA 02171 USA | |

☐ Consent   ☐ Confidential Data   ☐ Merger Allowed   ☐ Manufacturing

**View filings for this business entity:**

```
ALL FILINGS
Annual Report
Application For Revival
Articles of Amendment
Articles of Consolidation - Foreign and Domestic
```

**View filings**

**Comments or notes associated with this business entity:**

**New search**